UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BENEFICIAL BLENDS, LLC,**

 **Plaintiff,**

v.          **Case No. 8:24-cv-1535-SDM-AAS**

**CARGILL, INCORPORATED,**

 **Defendant.**

_____/

## ORDER

Defendant Cargill Incorporated (Cargill) requests that the court enter an order allowing the filing of certain documents under seal or with redactions. (Doc. 8). Plaintiff Beneficial Blends, LLC (Beneficial Blends) generally opposes Cargill's motion but concedes manufacturing specifications and testing methods should not be publicly available and a redaction or partial seal of the price terms in the 2022 Amendment is appropriate. (Doc. 17).

## I. BACKGROUND

In November 2021, Cargill and Beneficial Blends entered into a toll agreement for the manufacture of specific Cargill products by Beneficial Blends. In 2022, the parties amended the toll agreement. A dispute arose related to the toll agreement and Beneficial Blends sued Cargill for breach of contract (Count I), constructive or equitable fraud (Count II), common law

fraud (Count III), and breach of the covenant of good faith and fair dealing (Count IV). (Doc. 1). Cargill filed a redacted motion to dismiss Beneficial Blends' complaint.[1] (Doc 7). Contemporaneously, Cargill moved to file under seal or redact certain portions of Cargill's motion to dismiss, its exhibits, and the complaint. (Doc. 8). Beneficial Blends opposes Cargill's motion for an order sealing or redacting this information. (Doc. 17).

## II.   ANALYSIS

### A. Legal Standard

Local Rule 1.11(b), M.D. Fla., governs the filing of documents under seal and provides the motion:

(1)   must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal";

(2)   must describe the item;

(3)   must establish

(A) that filing the item is necessary,

(B) that sealing the item is necessary, and

(C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory;

(4)   must include a legal memorandum;

---

[1] Beneficial Blends filed a redacted response in opposition to Cargill's motion to dismiss. (Doc. 19).

(5)     must propose a duration for the seal;

(6)     must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item;

(7)     must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and

(8)     must include the item, which is sealed pending an order resolving the motion.

The party requesting the seal must ensure that it sufficiently addresses these requirements for all the items designated for sealing. *Boullosa v. Equifax Info. Servs., LLC*, No. 8:22-CV-2642-CEH-CPT, 2024 WL 3673566, at *1 (M.D. Fla. Aug. 6, 2024).

It has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access" to judicial proceedings. *Romero v. Drummond Company, Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). This common law right "is instrumental in securing the

integrity of the [judicial] process." *Chicago Trib. Co. v. Bridgestone / Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero*, 480 F.3d at 1245 (11th Cir. 2007) (quoting *Chicago Trib. Co.*, 263 F.3d at 1309). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246 (11th Cir. 2007) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

### B. Motion to Seal

Cargill requests an order: (1) sealing exhibits A–E to the toll agreement (S-Doc. 8-3, pp. 15–20); (2) sealing the parties' 2022 amendment to the toll agreement (S-Doc. 8-4); (3) redacting certain portions of Beneficial Blends' complaint (S-Doc. 8-1); (4) sealing Cargill's unredacted motion to dismiss (S-

Doc. 8-2); and (5) directing the parties "to make any further filings referencing or including the same commercially sensitive and proprietary information in appropriately redacted form, with unredacted copies filed under seal with the Court and served on the opposing party." (Doc. 8, pp. 4–6, 8).

### 1. Exhibits A, B, and D to the Toll Agreement

Cargill requests to seal exhibits A, B, and D to the toll agreement. (Doc. 8, pp. 4–5). However, Cargill's motion fails to establish why filing exhibits A, B, and D to the toll agreement is "necessary" as required by Local Rule 1.11(b)(3)(A), M.D. Fla. Establishing necessity "is no idle requirement" because the public docket "should not be riddled with sealed documents, and it certainly should not be riddled with sealed documents that are unnecessary to the court's resolution of this case." *Kelly v. Walt Disney Parks & Resorts U.S., Inc.*, No. 6:22-CV-1919-RBD-DCI, 2024 WL 895338, at *2 (M.D. Fla. Mar. 1, 2024).

Neither Beneficial Blends' complaint nor Cargill's motion to dismiss refer to exhibits A, B, or D of the toll agreement. Thus, Cargill failed to demonstrate how those exhibtis are relevant to the current dispute or why the sealing (or even filing) of exhibits A, B, and D to the toll agreement is necessary.

### 2. Exhibit C to the Toll Agreement

Cargill requests to seal exhibit C to the toll agreement because it

contains "competitively sensitive and confidential business information related to Cargill's manufacturing requirements and pricing information." (Doc. 8, p. 4). Exhibit C to the toll agreement contains a "Requirements" section and a "Yield Loss" section. (*See* S-Doc. 8-3, p. 18).

Cargill does not offer sufficient specific information to support its position that the "Requirements" section requires sealing. *See Rodriguez v. Magic Burgers, LLC*, No. 6:19-cv-1656-CEM-LRH, 2021 WL 3017528, *2 (M.D. Fla. March 24, 2021) ("The Defendant's conclusory statement that the documents at issue contain proprietary information, trade secrets, and are subject to protection under the parties' confidentiality agreement falls short of rebutting the presumption in favor of openness . . .."); *Day v. Barnett Outdoors, LLC*, No. 8:16-cv-2480-T-27MAP, 2017 WL 10275971, *3 (M.D. Fla. Aug. 23, 2017) ("Because the commercially sensitive nature of the information is the only basis Barnett provides for nondisclosure, and its conclusory statements fall short of establishing that the information qualifies as proprietary information, it fails to establish good cause[.]").

As to the "Requirements" section of exhibit C, Cargill fails to "analyze the balance between [its] need and the public right to information." *Kelly*, 2024 WL 895338, at *3. Thus, a seal is not appropriate. However, because the "Yield Loss" section of exhibit C to the toll agreement contains pricing information, it

may be redacted to exclude this information.

### 3.  Exhibit E to the Toll Agreement

Cargill argues exhibit E to the toll agreement contains "competitively sensitive and confidential business information related to Cargill's pricing and related competitively sensitive terms." (Doc. 8, p. 5). This conclusory statement does not establish good cause. *See Rodriguez*, 2021 WL 3017528, *2. Like exhibit C to the toll agreement reviewed above, other than "pricing," it is unclear what sensitive information justifies exclusion from the public record. Thus, only redaction of the pricing terms in exhibit E to the toll agreement is appropriate. (*See* S-Doc. 8-3, p. 20).

### 4.  The 2022 Amendment to the Toll Agreement

Cargill's basis for sealing the 2022 amendment to the toll agreement is the same as exhibit E. (Doc. 8, p. 5). Like the court's ruling above, only redaction of pricing information in the 2022 amendment to the toll agreement is appropriate. (*See* S-Doc. 8-4, p. 2).

### 5.  Allegations of Beneficial Blends' Complaint

Cargill argues allegations in Beneficial Blends' complaint reference or describe "certain competitively sensitive terms contained in the Toll Agreement concerning pricing information" (Doc. 8, p. 5). The complaint contains no "pricing" or "competitively sensitive terms." (*See* Doc. 1). Cargill

also fails to "analyze the balance between [its] need and the public right to information." *Kelly,* 2024 WL 895338, at *3. Thus, the complaint will remain unsealed and unredacted.

### 6. Unredacted Motion to Dismiss

Cargill requests an order sealing its entire unredacted motion to dismiss. (*See* S-Doc. 8-2). Like the court's ruling above, only the footnote containing proprietary pricing information may be redacted from Cargill's motion to dismiss. (*See, e.g., Id.*, pp. 11–12, n. 6). The entire motion may not be filed under seal.

### 7. Future Filings

Cargill requests an order "directing the parties to make any further filings referencing or containing the same commercially sensitive information in appropriately redacted, with unredacted copies filed under seal with the Court and served on the opposing party." (Doc. 8, p. 8). Cargill does not define "commercially sensitive information" or "related terms." Cargill's blanket request for an order governing future filings is denied.

## III.   CONCLUSION

According, Cargill's motion to seal (Doc. 8) is **GRANTED-IN-PART and DENIED-IN-PART**:

(1) Cargill may redact the pricing information contained in exhibits C

and E to the toll agreement (S-Doc. 8-3, pp. 18, 20) and the 2022 amendment to the toll agreement (S-Doc. 8-4, p. 2); and

(2) In all other respects, the motion to seal is denied.

**ORDERED** in Tampa, Florida on October 23, 2024.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

9