UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENEFICIAL BLENDS, LLC,

     Plaintiff,

v.                              Case No. 8:24-cv-1535-SDM-AAS

CARGILL, INCORPORATED,

     Defendant.

_____/

## ORDER

Defendant Cargill, Incorporated (Cargill) requests that the court enter an order preventing the expiration of the seal previously entered. (Doc. 46). Plaintiff Beneficial Blends LLC (Beneficial Blends) did not respond, and the time for doing so has expired. *See* Local Rule 3.01(d), M.D. Fla. ("A party may respond to a motion within fourteen days after service of the motion. . . If a party fails to timely respond, the motion is subject to treatment as unopposed.").

## I.    BACKGROUND

In November 2021, the parties entered into a Toll Agreement for the manufacture of specific Cargill products. The Toll Agreement was amended in February 2022. The Toll Agreement and Amendment contain commercially

sensitive pricing information and other trade secret information, including formulas and manufacturing instructions. The parties executed a confidentiality agreement to protect the information therein.

A dispute arose between the parties related to the Toll Agreement, and Beneficial Blends filed this action. (Doc. 1). Cargill filed a motion to dismiss, which redacted certain confidential and proprietary information contained in the Toll Agreement and Amendment. (Doc. 7). Cargill attached the Toll Agreement and Amendment to the motion to dismiss. (Docs. 7-1, 7-2). Cargill also moved to file under seal certain exhibits to the Toll Agreement and Amendment. (Doc. 8). Cargill's motion attached an unredacted copy of its motion to dismiss, as well as the Toll Agreement and Amendment. (Docs. 8-2, 8-3, 8-4).

The court granted in part and denied in part Cargill's motion to seal. (Doc. 28). The court granted Cargill's request to seal pricing information contained in the Toll Agreement and Amendment. (*Id.*, pp. 8–9). As to Cargill's request to seal Exhibits A, B, and D of the Toll Agreement, the court denied the motion because the exhibits were not relevant to the action. (Doc. 28, p. 5). Cargill filed an unopposed motion requesting permission to withdraw Exhibits A, B, and D to the Toll Agreement from its pending motion to dismiss and to refile the motion with the pricing information redacted. (Doc. 30). Cargill

further requested Beneficial Blends to refile its response with pricing information redacted. (*Id.*, pp. 4–5). The court granted the motion, and Cargill and Beneficial Blends filed redacted versions of their motion to dismiss and response. (Docs. 31, 32, 33). Although Exhibits A, B, and D were withdrawn as not relevant to the action, the documents are still listed on the docket and are currently protected from public view. (Doc. 8).

The court dismissed Beneficial Blends' initial complaint without prejudice, and Beneficial Blends filed an amended complaint. (Docs. 36, 37). Cargill filed a motion to dismiss Beneficial Blends' amended complaint, again attaching redacted copies of the Toll Agreement and Amendment as exhibits thereto. (Doc. 40). The court dismissed Beneficial Blends' amended complaint with prejudice and entered a Notice of Local Rule 1.11(e), M.D. Fla. "which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted." (Docs. 44, 45).

Cargill now moves to maintain the seal and prevent the expiration with respect to (1) the pricing information in the Toll Agreement and Amendment, as well as filings including the same confidential information, and (2) the information submitted with Cargill's motion to seal and attached to the withdrawn motion to dismiss. (Doc. 46).

## II.   ANALYSIS

The public has a common-law right to access judicial proceedings, including the right to inspect and copy public records and court documents. *See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). However, "[t]he common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view." *Sesame Workshop v. SeaWorld Parks & Ent., Inc.*, No. 6:23-cv-1507-PGB-EJK, 2023 WL 6161784, at *2 (M.D. Fla. Sept. 21, 2023).

This court has already held that pricing information contained in the Toll Agreement and Amendment, as well as any references thereto in Cargill's motion to dismiss and Beneficial Blends' response, warranted filing under seal. (*See* Docs. 28, 31). For the same reasons, good cause exists to extend this limited seal of the pricing information indefinitely. *See Thompson v. U.S. Dept. of Homeland Security*, No. 8:24-cv-349- KKM-AAS, 2025 WL 1370051, at *1 (M.D. Fla. May 12, 2025) (ordering an indefinite seal under L.R. 1.11(e) of financial and business records "for the reasons the court initially granted the

seal"). Thus, the court grants Cargill's requests to permanently seal the unredacted copy of its initial motion to dismiss and accompanying exhibits (Docs. 8-2, 8-3, 8-4).

Further, although the court did not grant a seal for Exhibits A, B, and D to the Toll Agreement, the court found those documents did not need to be filed and allowed Cargill to "withdraw" them and file a new motion to dismiss excluding them. However, those materials are still listed on the docket. (Docs. 8-2, 8-3, 8-4). Those documents contain sensitive, proprietary information, such as ingredient lists and recipes, that, if publicly available, would permit competitors to duplicate Cargill's trade secrets and proprietary manufacturing processes. Thus, those withdrawn documents must also remain sealed. *See Salsbury Labs., Inc. v. Merieux Labs., Inc.*, 908 F.2d 706, 710–11 (11th Cir. 1990) (finding specific ingredients and methods for vaccine constituted trade secret).

## III.   CONCLUSION

Accordingly, Cargill's motion to extend the seal (Doc. 46) is GRANTED. Absent a future order to the contrary, the sealed documents in this action will remain under seal indefinitely (Docs. 8-2, 8-3, 8-4).

**ORDERED** in Tampa, Florida, on February 26, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

6